# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

*In re* Grand Jury Subpoena No. 25-

**FILED UNDER SEAL**

### DECLARATION OF ELLEN NAKASHIMA

I, Ellen Nakashima, hereby declare as follows:

1.    I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.

2.    I am currently a reporter for The Washington Post ("The Post"), where I cover national security and intelligence issues.

3.    I graduated from the University of California, Berkeley, in 1984, where I received a B.A. in the humanities. I received a graduate degree in International Journalism from City University in London in 1989.

4.    I have worked as a full-time journalist since 1990, when I started as a reporter at the Patriot Ledger in Quincy, Massachusetts.

5.    I strive for excellence and accuracy in my reporting. Since joining The Post in 1995, my journalism has received numerous honors and awards. I have been a member of three Pulitzer-prize winning teams at The Post, including in 2022 for an investigation of the January 6 assault on the U.S. Capitol, in 2018 for reporting on Russia's efforts to influence the outcome of the 2016 presidential election, and in 2014 for coverage of the hidden scope of government surveillance and its policy implications. My additional accolades include the Gerald Loeb Award

1

in 2014 for my reporting on the National Security Agency's global surveillance programs and the

Society of American Business Editors and Writers enterprise award in 2009 for an article "Banking

Regulator Played Advocate over Enforcer."





12.     On or around January 14, 2026, and consistent with standard journalistic practice, I sought comment from various government spokespeople in connection with my potential reporting about ██████████████████████████. Specifically, I sought comment from



3

███  and from  ████████ .  My reporting was focused on ████████
████████████████████████

13.   I reached out to ██████████████████████ In my outreach, I provided top-line information about what I intended to report in order to give ████ an opportunity to offer comment, provide pushback, or offer guidance.

14.   I contacted ████████ via the Signal messaging application.  My messages have since been deleted, consistent with the retention settings we shared for our Signal messages.

15.   ████████ did not provide any substantive comment or pushback on the underlying reporting. ████████████████████



████████████ I told her I would nonetheless take her request back to the editor.

16.   I later confirmed in a follow-up communication with ████████ that ████ did not have any issues with the accuracy of my reporting.  She reiterated ████████ ████████ I assured her that I would inform ████ if we were close to publication (which never happened).

17.   I also reached out separately to ████████████████ ████████ for comment.  *See* Exhibit A.  On January 15, a separate ████████ official responded with a brief, "on-background" statement attributable to ████ ████████████

[REDACTED] A true and correct copy of my email correspondence is attached as Exhibit A. [REDACTED] did not challenge the accuracy of my reporting or suggest I should not publish it.

18. I ultimately chose to set aside the story for various reasons including that I did not have sufficient support for some aspects of what I had been planning to report. The Post never published any story regarding [REDACTED]

19. On March 2, 2026, I received a grand jury subpoena for testimony from the government. I understand that the government seeks my testimony regarding my outreach to [REDACTED] and potential reporting regarding [REDACTED]

20. In the past, The Post has been asked by the U.S. government to refrain from publishing a story or certain information in a forthcoming article based on national security grounds, such as a risk of endangering the lives of the military or other U.S. assets. When this happens, we carefully consider the government's request. No such request was made when I reached out to [REDACTED] or [REDACTED]

21. I fear this grand jury subpoena is part of an effort to chill my and my colleagues' reporting on national security topics and our communications with our confidential sources. Maintaining our sources' confidentiality is critical to our jobs as journalists and is particularly important in the case of national security reporting.

I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed this __6th__ day of April, 2026.

*Ellen Nakashima*

Ellen Nakashima

6